COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Senior Judge Hodges
Argued at Richmond, Virginia


KIMBERLY ELAINE BROOKS

MEMORANDUM OPINION[*] BY
v.    Record No. 0898-01-2        JUDGE JERE M. H. WILLIS, JR.
                                      MAY 14, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Cleo E. Powell, Judge

John B. Mann (Levit, Mann & Halligan, on
briefs), for appellant.

Jennifer R. Franklin, Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


Kimberly Brooks was convicted in a bench trial of

(1) attempted malicious wounding, in violation of Code §§ 18.2-51

and 18.2-26; and (2) felony hit-and-run, in violation of Code

§ 46.2-894.  On appeal, she contends that the evidence was

insufficient to support those convictions.  We disagree and affirm

the judgment of the trial court.

## I.  BACKGROUND

On June 12, 2000, Kimberly Brooks went shopping with her

six-year-old daughter at Hecht's department store located at

Chesterfield Towne Center mall.  While in Hecht's, Brooks met

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

her sister, Juanita Williams, and two of her sister's friends who were shopping there as well.  While they were in the store, Marc Avinger, a Hecht's loss prevention employee, observed Williams shoplift merchandise from the store.

As the group of women left Hecht's, Avinger followed them outside.  On the sidewalk, Avinger told Williams she was under arrest for shoplifting.  As she turned and began to hand him the bag of merchandise, he handcuffed her.  Williams immediately began to struggle with Avinger.  They fell to the ground in the mall parking lot and continued to struggle.  While on the ground attempting to apprehend Williams, Avinger was punched, hit, and kicked by one of Williams' unidentified friends.

During the melee, Avinger looked up and saw Brooks driving a white, four-door automobile toward him.  She bumped his left side with the car.  Williams got up to enter the rear driver side door of the car.  Avinger attempted to prevent her from entering the vehicle and in the process, the car ran over his ankle twice.  Eventually he lost his footing and was dragged eight to ten feet alongside the car.  The car stopped and, with the help of the store manager, Kimberly Smith, Avinger pulled Williams out of the car.

Robyn Hilton, a store employee, attempted to get the car's license plate number.  She went to the front of the vehicle, at which time Brooks accelerated and hit Hilton with the car, knocking her to the ground.  Brooks drove away from the scene

-

without stopping and giving the information required by Code § 46.2-894.

Avinger suffered a contusion on his right ankle and a large scrape on his kneecap. Hilton suffered a bruised hip and a sore back.

The grand jury indicted Brooks for two counts of attempted malicious wounding, in violation of Code §§ 18.2-51 and 18.2-26 and one count of felony hit-and-run, in violation of Code § 46.2-894. In a bench trial, the trial court convicted Brooks of attempted malicious wounding of Avinger and felony hit-and-run. It acquitted her of attempted malicious wounding of Hilton. It sentenced her to five years incarceration for the attempted malicious wounding of Avinger and five years for the felony hit-and-run. The court suspended four years and two months of each sentence with the remaining time to be served concurrently. Brooks appeals that judgment.

## II. ANALYSIS

Brooks contends that the evidence was insufficient to convict her of attempted malicious wounding and felony hit-and-run. She argues that the Commonwealth failed to prove beyond a reasonable doubt that she had a specific intent to hit Avinger and that she knew that an accident had occurred. We disagree.

> Where the sufficiency of the evidence
> is challenged after conviction, it is our
> duty to consider it in the light most

-

favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom. We should affirm the judgment unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.

Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). See also Code § 8.01-680.

The court made the following factual findings:

With regard to the charge of attempted malicious -- the charge with regard to Mr. Avinger, the evidence is that you drove toward him, moving straight at him, bumped him with the car, and then, during the ensuing struggle, dragged him 8 to 10 feet. That's what I find the facts to be. On that charge I find you guilty.

With regard to the charge against Ms. Hilton, the evidence is you had started to move, you were moving, she's moving, the vehicle hits her as she steps in front of the car. On that charge I find you not guilty of the intent to injure her, not being where she steps in front of you as you were moving.

With regard to the felony hit-and-run, when you dragged and you hit him and at the point your sister can't get into the car, you proceeded to leave without giving the necessary information. I find you guilty of that offense.

The evidence supports these findings.

Thus, the evidence at trial established that Brooks drove her car to assist Williams in her escape. As Williams and Avinger wrestled on the parking lot ground, Brooks drove her car up to their location, directly at Avinger, and bumped his left side. She ran over his ankle twice. While Avinger was still

-

struggling with Williams, Brooks screamed at him, "Stop it.  Let her go.  She didn't do anything wrong."  Avinger was subsequently dragged eight to ten feet when he lost his footing. In the process, Brooks hit Hilton, knocking her to the ground. This scenario supports the inference that Brooks intended to maim, disfigure, disable or kill Avinger and that she knew that she had injured him.

Brooks then fled the scene of the incident, without stopping and giving the information required by Code § 46.2-894. She did not return.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>

-